The next case on the argument calendar is going to be a familiar cast of characters. Senator Staffing, now it's captioned v. United States of America. This case number is 03-57006. When you're ready, Mr. Rosenthal. Do I state my appearance again, Your Honor? Yeah, please, because sometimes the tapes are treated independently. Okay. Thank you, Your Honor. Good morning, Your Honors. My name is Andrew M. Rosenfeld. I am counsel for Appellant Synergy Staffing, Inc. in this appeal, and I was also counsel at the trial court level for Plaintiff. Your Honors, the ruling of the district court depends entirely on its interpretation of the trumping applicability of a treasury regulation, section 31.6302-1, paren, small i, closed paren. That's the basis of the ruling. It says that even in spite of the case law indicating that a voluntary tax payment may be designated in writing by the taxpayer to any liability, any liability, the government argues and the district court adopted the notion that this regulation is an exception and that at the time that this occurred, the taxpayer could not designate to any liability, i.e., in this case, a payroll tax period. Even though on our side the requirement was we deposit several times during a quarter, we for some reason all of a sudden are only allowed to refer to tax quarters and not tax periods. Well, wait a minute. I think there's a belt-and-suspenders argument made on the other side and I think accepted by the district court, and that is even if you were allowed to designate, you didn't designate. I mean, what indication was there, accompanying the payments, as to how you wish to have those payments applied? I frankly, Your Honor, do not understand that argument when I look at the checks themselves. Are you telling us that those little notifications on the bottom of the checks function as designations? That is the standard manner in which the IRS receives these kinds of designations for years now, Your Honor. It says week ending. It gives the payroll period to which it is supposed to be designated, particularly the ones in 98. Week ending, 43098. It's not the same date as the check or anything, Your Honor. It's clearly based on IRS policy practice and procedure. Well, I want to make sure I'm looking at the same thing. Where does it say week ending? Your Honor, if the Court would look at Appellant Synergy Staffing Inc.'s excerpts of record, Exhibit 3, approximately halfway to two-thirds of the way through the exhibit is our exhibits in support of our summary judgment motions in opposition to theirs, and the checks are there, Your Honor. And for instance, the check for May 498 says First Charter Bank FICA slash FWT dash second quarter 1998. Week ending, 43098. And that's the frequency with which we were making these deposits, Your Honor. And so it clearly matches. Now, which exhibit are we looking at? I'm looking at Exhibit 3. But you have to go back, Your Honor, because Exhibit 3 is a notice of motion. It has some exhibits attached to it. What's Exhibit E? Have you got a page number in Exhibit 3 that you're referring to? Yeah, 45, for example, or 43. Week ending, 12597, ID such and so? Yes, sir, Your Honor. And under the circumstances and the context in which this was done, there's only one way to interpret what that's supposed to mean. How do we know that this is a standard way this is done and this is accepted by the IRS? Well, Your Honor, that is just something that people know. I don't have any evidence of that. People know? Are we supposed to take judicial knowledge of this? Well, no. I mean, it strikes me as an unusually strange way to try to make a designation as writing something on the bottom of the check. Well, the government certainly has not pointed it out as strange, Your Honor. And they haven't said it should have been in a letter attached or on a three-by-five card attached or a Post-it. I don't know how else you do it, Your Honor. And I'm saying that only from experience representing business clients. You're never going to let this happen again. I mean, I know how to do it. Well, I wasn't around when it did. I know. But I mean, there are a lot of other ways to do it than just write something on the bottom of the check. Understood. My point, though, Your Honor, is that dealing with the evidence at hand, it is sufficient as a matter of law based on the IRS's own procedures and the Supreme Court and Ninth Circuit cases that I've cited. This case is a particularly interesting situation where we've cited everything from the Supreme Court and the Ninth Circuit that applies, and the government likes to stick to the Fifth Circuit. And I think we know that there are some differences in the way some of these things are approached in the two circuits. But the fact is that the language of the case law that we've cited is clearly met by the designations on these checks, or at a minimum, there is a genuine issue of material fact. What does it mean on the bottom of some of these checks, P-slash-E-61690? Payroll ending, Your Honor. And that's you call that a designation also? We do, Your Honor. Not the best in the world, but sufficient and clearly meaningful in the context and under the circumstances. If it please the Court at this time, I would reserve the balance of my time for rebuttal unless the Court has additional questions at this time. If I didn't save it, then we'll hear from the government, and then we'll hear from you again. Thank you, Your Honor. May it please the Court? My name is Karen Utiger. I represent the government in this case. Your Honor, Synergy filed this case claiming it was entitled to a tax refund of over $1 million because the government improperly failed to apply its employment tax deposits as designated on its checks, but has failed to meet its burden of showing that it is entitled to a refund. First, it failed to show that the government was required to apply its deposits in accordance with Synergy's designation. Second, it failed to show that it in fact designated the periods to which its deposits should be applied on its checks. Third, it failed to show that those checks and the designations on those checks ever even reached the IRS and could serve as a part of that. That last argument puzzles me. Where do you send them? Excuse me? You send them to the depository bank, Your Honor. That is the requirement. You must make your deposits to the depository bank, and you send your checks to the depository bank, and then after the quarter, they are transmitted on to the government. Does the government have a regulation that says it is insufficient to indicate the manner of payment on the check itself? No. Certainly during the period of time, Your Honor, you could not even designate deposits to a particular period. So there was no such regulation. Now, today I gather you can so designate? Your Honor, as of now, your payment will automatically be applied to the most recent period. There was a period after the statute was amended where you could designate. And during that period, was there a regulation that said you can't designate on the you cannot designate on the surface of the check? I believe, Your Honor, that there was a revenue procedure issue that indicated that you could designate to the IRS. I don't know if that specifically prohibited making the designation on the check. Obviously, the check never reaches the IRS. Well, that argument is puzzling me, or at least troubling me, that there's a piece of paper that, at least according to his view, designates, and for the purpose of argument for a moment, I'll say that it designates with sufficient clarity. It seems odd to me that the piece of paper that's designed to be a payment to the IRS, the IRS says, yeah, but we never saw the piece of paper, and anything you wrote on is entirely irrelevant except for the dollar amount that you gave. Because that isn't the way it works. It goes to the first charter bank. That's correct. And then the first charter bank doesn't turn around and send this check to the IRS. That's correct. The first charter bank simply makes a deposit in that amount with the IRS. That's correct. So you never see the check. That is correct. And so your point, how could you possibly designate something on the basis of a document you've never seen? And we cite three cases in our brief that go into this. The Wood case, which is, in fact, out of the Fifth Circuit. The White case, which is out of the Court of Federal Claims. And the Matanke case, which is the case in the Northern District of Illinois. And basically, what all those cases said is, a designation on a check cannot be a designation because it doesn't reach the IRS. It goes to the bank. That's all. This is the way in which deposits are unique. They're not payments with a return. Normally, that's how you designate how you want your payment to be applied. You submit it with a return for that period. The IRS knows how to apply it. This is a different situation. I'd also like to point out. Go back a second. You told me that these checks never go to IRS. You say at the end of the quarter they go to IRS? The money goes to the IRS. Oh, the money goes to the IRS. That's correct. The bank simply turns the money over to the IRS. That's what it is. It's a deposit. The check itself goes back to the person who writes the check. I suppose. And in this case, of course. Well, some of the checks in this case have been presented. I'd like to point out that not all of the checks in this case that were presented do even contain these designations. The checks for 1995, for example, that P slash E, in each case, that matches the date of the check. Let's go to the legal question. Judge Stotler concludes that if it was an attempted designation, nonetheless, as a matter of law, it's ineffective because, quote, applicable law at the time did not permit such a designation by plaintiff. The other side disputes that and says you're trying to use a reg to trump something else. What's your answer to that? Your Honor, this is a unique situation. Congress passed this provision, which requires you to make deposits into a depository bank. And there has never been, there was never any right to designate those payments. The IRS has stated how it would apply the penalty. First, payments were applied to the first deficiency. This is a common rule. And there was no provision made for designations in these cases. As I said, usually the designation is made with the return. Returns aren't filed with the IRS at the time these deposits are made. And this was a remedial statute. It was enacted in order to prevent what had happened in so many cases, is that the employment taxes, which are withheld from the employee's pay, simply disappear. And so you're getting them out of the employer's hands into the depository bank. And there was no right to designate. I mean, when Congress amended the statute in 1998, it says in the legislative history, these cascading penalties can apply. But we're making the determination now that it's simply too harsh, and we're going to ameliorate the rule. And as I said, first there was a period during which they could designate their deposits. This was from, I believe, 1999 to 2001. And then thereafter, now they're applied to the most recent period. But this is after the period's an issue in this case. Now, ordinarily, the government does apply tax deposit designated on the return that accompanies them. That is true, what Taxpayer says. But these are not tax payments. They are deposits of funds that don't belong to the employer, but to the government. And they aren't accompanied by a return. And therefore, they are not sent to the government. And in this case, you know, there were many such payments each quarter or even each week. For example, you've raised the issue of whether this little week ending at the bottom can be a designation. If you turn to many of the certificates of assessment in this case, I'll give you some examples. Exhibit 1, page 153. You will see that there are three separate payments due in the week of what is numbered 15 through 21. There are three separate payments due in that week. So in other words, even that doesn't make any sense. It's not enough to be a designation. The courts recognize that in the Wood case, the White case, and the Matanke case as well. And as I said ‑‑ Can I say something? If you can designate, how soon must IRS get the message before you've actually designated? There was that period when you could designate. Okay. The things aren't going directly. These checks aren't going to IRS. But, you know, the week's over, the money's in the bank. What's the period in which you can designate or could designate during that period? Your Honor, I'm not sure. I would think it would have to be at the time that you submitted the payment that you would have to indicate to the IRS how you wanted that payment to be applied. So check's going to bank, and at the same time you're supposed to write a letter to IRS? And if you write the letter a week later, it's too late? Your Honor, I really don't know what during that period. I mean, that period did not begin. It's never been an issue in this case. They've never contended that that transition period, that rule applies to these payments. If anybody looking at these checks could tell it was a designation, eventually they got to IRS. It might have been many, many years later. So I was trying to figure out if it was a designation, how late is too late? Well, first of all, they were never seen by anybody at the IRS in the first place. Second of all, if they – Well, we had a suit going on, or we had a procedure going on. Eventually somebody at the IRS saw them. But during the period of time, Your Honor, there was no right to designate, and the IRS went through these periods and applied the payments and made the assessments. Mr. Purcell seems to think the IRS designated this to the appropriate periods. Mr. Purcell seems to think that the IRS did? Yeah. Who's Mr. Purcell? Mr. Purcell, I believe, is one of the owners. There are two Mr. Purcells. Joseph M. They own the company, Synergy. You don't think much of his declaration then? If he says that the IRS did have the right to apply the payments as it did, then I'm fully in support of it, Your Honor. I know that at one point Synergy indicated all of the checks and all of the employment records were not submitted in this case. That prevented us from doing a complete reconstruction in this case. But at one point they indicated they had been told by several people that they could not designate their deposits, and in fact they were given good advice. In conclusion, Synergy made a claim for a large refund, and it was not a mom-and-pop business, but a business that was reporting $7 million in wages each quarter. But it failed to present the evidence it needed to support its claim. It failed to show that the IRS was required to apply its deposits as designated. It failed to show it made a proper designation. It failed to show that any designation was actually received by the IRS.  It was not attributable to the simple fact that it made its deposits late rather than to applications of its payments. Can we go back to that period, 1999 to 2001, where you say you could designate during that period? Correct. How did people designate during that period? Your Honor, usually it's done on an FTT coupon. The FTT coupon is what will eventually be received by the IRS. If you see a copy of it, it lists the quarter. During the periods in issue, it listed the quarter, and you could fill in the little box that you wanted the quarter applied to. There's no allegation in this case that the IRS did not apply the payment to the proper quarter, rather that they did not apply them to the proper deposits. I'm still confused. Now you've got this FTD coupon that tells you the quarter. That actually goes to the IRS. Okay. But it didn't let you say which period within the quarter. Not at that period of time.  That actually did reach the IRS. Yes, but as I said, during the period of time it's in issue, you weren't allowed to designate the payment. I was just trying to find out how they did it during this period where you said they could do it. I believe – it probably, I believe, would be the FTD coupon, because that is what is actually received by the IRS. And they would have had to write it in. It may be – it may well be that after the period's in issue, the IRS amended the FTD coupon as well to allow you to designate to a petitioner. Okay. It's after the period's in issue. Thank you, Your Honor. Thank you. Mr. Rosenfeld, you've saved a little time. Thank you, Your Honors. In 1995, the United States Supreme Court issued a ruling that said, in part, when a taxpayer makes a voluntary tax payment, it can direct that payment to be applied to a particular tax liability rather than to another one. The Ninth Circuit – What kind of a case was that? Did it involve a depository bank or an intermediary? The case of Tull – pardon me, Your Honor. The case of Tull – Tull v. United States. The United States – Corporate Employer's Office sought refund of penalties assessed for nonpayment of trust fund employment tax. Right. The issue in that case initially was whether it was a voluntary payment. And once it was determined to have been a voluntary payment, the Court iterated this proposition, which has been stated by the Ninth Circuit, court of appeal, et cetera, and which was already a solid part of the law before these regulations were addressed in 1998. Tull seems to involve a taxpayer dealing directly with the IRS. It does, Your Honor. And that's one of the differences here. You've got a depository bank as an intermediary, and so I assume, do you agree with the other side, that the check that you're talking about never reached the IRS? I don't. It goes to the depository bank. Well, I know it goes from us to the depository bank, Your Honor. Is the depository bank the IRS? The IRS is agent for that purpose, Your Honor. Where does it say that? Well, Your Honor, I – You could make a designation with the depository bank. This has never been briefed in this case because this wasn't the basis on which the determination was made. This is an argument that was raised on this appeal. But the fact is, Your Honor, that if the requirement is that you deposit it with your depository bank, there's no other place to put it. As was pointed out earlier, there's no standard form, there's no practice for writing a letter. We filled out the coupons. Of course we did. They go to the IRS. But the basic problem is, according to the district court, there was no law until late in 1998 that permitted such designations. That is incorrect. That's public law. That is incorrect, Your Honor. And why is it incorrect? Because the United States Supreme Court always, prior to that, when the issue came up, said that a taxpayer making a voluntary payment can designate it to any liability. Well, but you don't have any cases that are similar to the one that we have here. Tall deals – is a case dealing – where the taxpayer was dealing directly with the IRS. Correct, Your Honor. Your Honor, the case of – the case of technical knockout graphics – I'm sorry. The case of United States versus Energy Resources Company. The specific language in that case says that the – Well, language doesn't do us any good until we know whether the cases line up. Right. So what were the facts in that case? I was going to point out that in that case, it was a Chapter 11 case in which the bankruptcy court was attempting to designate how the – how the payments would be made. And in that case, it was determined, again, that because it's a voluntary payment, the bankruptcy court can order the payments applied in a certain way. And so if the court's question is, do we have a case that's exactly on all fours, the answer, honestly, is no. You want to knock out their rig. Right. The fact is that, no, Your Honor, we don't because it's a novel argument that I've never been able to find the government making before. But what we do know is that we all make our payroll tax deposits to a bank, Your Honor. Always have. Everybody does. And so I'm not sure whether that argument just comes out of left field or the Fifth Circuit got it wrong or what. All I know is it wasn't raised for the first time until this case was on this, its second appeal. How do you know that the designation that you write on the check ever even gets to the IRS? Would you know that it goes to an intermediary bank and all that happens after that is a transfer of funds, not the check? The check is extinguished once it's collected upon by the depository bank. Your Honor, I'm sorry. Was the court finished? The check is a payment, Your Honor. The regulations and the cases say that the payment must be designated. We took the payment. We designated it. And we sent it where we were required to send it. There's no other regulation, opinion, case, or anything that tells us to do it any different. That's the problem. The government can now stand back and say, oh, no, you had to jump through those hoops and cross that T. But we wouldn't have known it at the time. My time is up, Your Honors, unless there are additional questions. Thank you very much. Thank you very much. The case of Synergy Staffing v. United States 03-570-06 is now submitted for decision. Thank both counsel for their helpful arguments in the last two cases. The next case on the argument calendar, and I'm going to have trouble pronouncing the name, and I apologize in advance, is Nashi v. Andiewu v. Gonzalez.
judges: Trott, W. Fletcher, Restani